PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2009 BMW struck a two and half inch rise between a milled portion and a paved section of the Kanawha Turnpike exit ramp from 1-64 in Charleston, Kanawha County. The Kanawha Turnpike exit ramp is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:00 a.m. on September 6, 2009. At the time of the incident, Claimant was driving to Thomas *128 Memorial Hospital. The Kanawha Turnpike exit ramp is a paved, one-lane road that descends downward and curves to the right. It has a speed limit of thirty-five miles per hour. As Claimant was driving down the exit ramp, his vehicle encountered a cut, two feet wide, where the road was milled and the surface was rough. Claimant’s vehicle struck the discontinuity between the milled portion of the road and the paved surface. The difference in height between the milled area and the paved area was approximately two and one half inches. There was a “Bump” sign at that location, but there were no other signs leading up to this area that indicated that there was road work ahead. Although Claimant travels this road on a daily basis, he had not encountered this hazard on a previous occasion. As a result of this incident, Claimant’s vehicle sustained damage to its left, front tire and wheel in the amount of $743.35. Since Claimant’s insurance provides for a deductible of $500.00, Claimant’s recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the condition on the Kanawha Turnpike exit ramp from 1-64 prior to this incident. Lori Saunders Jarvis, District One Resurfacing Coordinator for Respondent, testified that she supervises activities relating to contract paving in Kanawha, Boone, Putnam, Clay, and Mason Counties. Ms. Jarvis testified that she was familiar with the proj ect on the Kanawha Turnpike exit ramp, and indicated the paving work was being performed from the Fort Hill Bridge to the South Charleston off ramp on 1-64. She stated that a third-party contractor was responsible for performing the paving work. Under the indemnification provision in the contract between the third-party contractor and Respondent, as between those two parties, the contractor assumed all responsibility for work on the road during the construction process. She stated that the ramp was in disrepair for approximately one week due to rain in the area that kept the third-party contractor from completing the project. Ms. Jarvis stated that Respondent received several complaints regarding the condition of the road in this area, but she could not recall the dates of the complaints. She stated that the third-party contractor placed cold patch in this area before the road was re-paved in an effort to decrease the discrepancy of the pavement height.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice that the Kanawha Turnpike ramp was in disrepair for approximately one week. Since the condition of the road created a hazard to the traveling public, the Court finds Respondent negligent. The Court is aware that Respondent’s agreement with the third-party contractor had an indemnity provision. Thus, Respondent may seek to be reimbursed from the third-party contractor for any damages arising from this claim.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $500.00.
Award of $500.00.